UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:12 CV 2675 33 AEP

JOE HAND PROMOTIONS, INC.,

      Plaintiff,

v.

CADDYSHANKS, LLC, and CHARLES LEDUC, Individually, and as an officer, director, share-holder and/or principal of CADDYSHANKS, LLC, and JOHN C. POULOS, Individually, and as an officer, director, share-holder, and/or principal of CADDYSHANKS, LLC,

      Defendants.

_____/

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

      The Defendants, CADDYSHANKS, LLC, CHARLES LEDUC and JOHN C. POULOS (hereinafter referred to as the "Defendants"), pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, respectfully request the Court to render an Order dismissing the Complaint filed by the Plaintiff, JOE HAND PROMOTIONS, INC., and in support state:

      1.    The Plaintiff has filed this three count Complaint against the Defendants alleging misappropriation of a signal used to broadcast the UFC 119: Mir v. Cro Cop Broadcast scheduled for September 25, 2010.  (Complaint, ¶16).

2. The Complaint in this action was filed on November 27, 2012 and alleges violations of 47 U.S.C. § 605 (Count I), violations of 47 U.S.C. § 553 (Count II), and a state law conversion claim (Claim III).

Cable Communications Policy Act

3. The Plaintiff has failed to adequately plead a claim under the Cable Communications Policy Act, 47 U.S.C. § 605(a).

4. Count I alleges a cause of action pursuant to 47 U.S.C § 605. This Section of the U.S. Code governs the "receiving, assisting in receiving, transmitting or assisting in transmitting, [of] any interstate or foreign communication by wire or radio." 47 U.S.C. § 605(a).

5. The Plaintiff's Complaint fails to state a claim as it does not allege that the event in question was transmitted interstate.

6. Furthermore, 47 U.S.C. § 605 prohibits certain acts related to the acquisition and broadcast of *satellite* communications and does not apply to interception of cable signals. *J & J Sports Productions, Inc. v. Allen,* 2011 WL 941502 at 2 (N. D. Ga. 2011).

7. Count II alleges a cause of action pursuant to 47 U.S.C. § 553, relating to the interception and exhibition of any communications specifically over a *cable* system.

8. 47 USC § 553(a)(1) states that "No person shall intercept or receive…any communications service offered over a cable system, unless authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

9. The language of § 553(a)(1) specifically applies to "a cable operator" and allows for recovery of damages does not confer standing on a plaintiff who is not a cable operator.

10. The Plaintiff has failed to sufficiently plead any facts that it is either a "cable operator" or "otherwise…authorized by law". Therefore the Plaintiff is not an aggrieved person pursuant to § 553, and, as such, has no standing to pursue damages for any unauthorized interception of a local cable signal. The Plaintiff does not have standing to prosecute Count II of the Complaint, and therefore, this Count should be dismissed.

<u>Insufficient to Pierce the Corporate Veil</u>

11. Additionally, the Plaintiff has failed to put forth sufficient allegations to pierce the corporate veil therefore the claims against Defendants, Charles Leduc and John C. Poulos should be dismissed.

12. In order to pierce the corporate veil, Florida Courts require persuasive evidence that (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact nonexistent and the shareholders were alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant. *Hillsborough Holdings Corp. v. Celotex Corp.*, 166 B.R. 461, 468 (M.D. Fla. 1994).

13. The Plaintiff must plead plausible facts to support a claim; conclusory statements and labels will not do. *Danner Const. Co., Inc. v. Hillsborough County*, 2009 WL 2144716 (M.D. Fla. July 15, 2009).

Rule 12(e)

14. Rule 8(a) establishes the basic requirements of pleading and provides that a "pleading that states a claim for relief must contain …a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

15. A pleading under Rule 8(a)(2) should be sufficiently detailed so as to permit the opposing party to prepare an intelligent response. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) ("The point is to give the defendant fair notice of what the claim is and the ground upon which it rests.")

16. Pursuant to Rule 12(e), a party may move for a more definite statement if a "pleading to which a responsive pleading is allowed …is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

17. The Complaint filed by the Plaintiff is so vague and ambiguous that the Defendants cannot reasonably formulate and structure an Answer, Affirmative Defenses and Counterclaims.

18. It would be unfair to force the Defendants to speculate as to the appropriateness and contents of a responsive pleadings, and it is prejudicial to further burden the Court and the parties with future discovery disputes born from the poorly framed claims of the Complaint.

19. Regardless of whether the Plaintiff is either unwilling or unable to sufficiently plead the alleged claims with the requisite clarity, specificity, and supporting facts, justice requires the dismissal of the Complaint.

20. However, if the Court finds dismissal improper, then the Defendants respectfully request the Court to require the Plaintiff to file an Amended Complaint containing a more definite statement of the Plaintiff's allegations.

WHEREFORE, the Defendants, CADDYSHANKS, LLC, CHARLES LEDUC and JOHN C. POULOS, respectfully request the Court to render an Order dismissing the Plaintiff's Complaint, or alternatively, directing the Plaintiff to file an Amended Complaint with a more definite statement of the Plaintiff's alleged claims against the Defendants, and awarding any other relief this Court deems equitable and just.

Respectfully submitted this 1st day of February, 2013.

> CADDYSHANKS, LLC, CHARLES LEDUC, and JOHN C. POULOS, Defendants
>
> By:   s/ Ashley Gray McLeod
>       ASHLEY GRAY MCLEOD
>       Florida Bar Number: 65428
>       **CARPENTER & MCLEOD**, P.L.
>       511 West Bay Street
>       Suite 350
>       Tampa, Florida 33606
>       Telephone:  (813) 280-1180
>       Facsimile:  (813) 321-1882
>       Amcleod@carpentermcleod.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ ECF system.

> /s/ Ashley Gray McLeod
> ASHLEY GRAY MCLEOD