UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.                                  Case No. 8:12-cv-2675-T-33AEP

CADDYSHANKS, LLC, CHARLES
LEDUC, and JOHN C. POULOS,

    Defendants.
_____/

## ORDER

This cause comes before the Court in consideration of Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. # 16), filed on February 1, 2013. Also before the Court is Plaintiff's Motion to Strike (Doc. # 17), filed on February 14, 2013. Both Motions are ripe for review. For the reasons that follow, the Court denies both Motions.

**I.   Background**

Plaintiff Joe Hand Promotions contracted for the "right to distribute the UFC 119: Mir v. Cro Cop Broadcast, including all undercard bouts and the entire television broadcast, scheduled for September 25, 2010 . . . via closed circuit television and via encrypted satellite signal." (Doc. # 1 at 4). In accordance with Joe Hand's contract, Joe Hand "entered into subsequent agreements with

various entities of the State of Florida, allowing them to publicly exhibit the Broadcast to their patrons." Id. at 5.

Joe Hand alleges that Defendants "unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the Broadcast . . . willfully and for purposes of direct or indirect commercial advantage or private financial gain." Id. Accordingly, Joe Hand filed the instant action on November 27, 2012. The Complaint alleges violations of 47 U.S.C. § 605 (Count I), 47 U.S.C. § 553 (Count II),[1] and a state law conversion claim (Count III).

On February 1, 2013, seven weeks after Joe Hand effected service of process on all Defendants, Defendants filed a Motion to Dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 16). Defendants challenge the Complaint on three grounds: (1) the Complaint fails to state a claim under Section 605; (2) Joe Hand lacks standing to bring an action under Section 553; and (3) the Complaint does not contain allegations sufficient to pierce the corporate veil. Id. at 2-4. Alternatively,

---

[1] The statutory violations are claimed in the alternative, as discovery is required to determine whether Defendants intercepted the signal by satellite transmission or cable system. (Doc. # 1 at ¶ 32).

2

Defendants move for a more definite statement in accordance with Federal Rule of Civil Procedure 12(e). Id. at 4.

On February 14, 2013, Joe Hand filed a response in opposition to the Motion to Dismiss, requesting that the Court strike the Motion as untimely filed. (Doc. # 17 at 3). Construing this response as a Motion to Strike, the Court directed Defendants to respond to the Motion. (Doc. # 18). Defendants filed a response to the Motion to Strike on March 4, 2013. (Doc. # 19).

## II. Analysis

### A. Motion to Strike

Joe Hand requested the Court to "decline to consider and/or strike Defendants' Motion [to Dismiss]" in light of the Motion's untimely filing. (Doc. # 17 at 3). However, in response to Joe Hand's Motion to Strike, Defendants argue that, although they "did not seek leave of Court to respond outside of the timeline," Defendants reached a consented extension with Plaintiff's counsel. (Doc. # 19 at 2). In fact, Defendants attached an email in which Plaintiff's counsel confirmed the extension of time for Defendants to respond to the Complaint. (Doc. # 19-1).

Since it appears that Plaintiff's counsel made a scrivener's error in replying to the Motion to Dismiss --

3

or perhaps simply forgot the arrangement he had established with Defendants' counsel -- the Court declines to strike the Motion as untimely filed. However, the Court cautions counsel for both parties that a private agreement with opposing counsel is insufficient to extend a filing deadline in this Court. Parties must obtain Court approval for any proposed extension of the deadlines imposed by either the Federal Rules or the Court's own case scheduling orders.

**B.    Motion to Dismiss**

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### 1. 47 U.S.C. § 605

With regard to 47 U.S.C. § 605, Defendants assert that the Complaint "fails to state a claim as it does not allege that the event in question was transmitted interstate." (Doc. # 16 at 2). Section 605(a) provides, in relevant part: "no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or

5

publish the existence, contents . . . or meaning thereof," with certain exceptions. 47 U.S.C. § 605(a).

Joe Hand argues, however, that "despite Defendants' assertion to the contrary, it is well settled that Section 605 applies both to intrastate and to interstate communications." (Doc. # 17 at 6) (citing <u>Benanti v. U.S.</u>, 355 U.S. 96, 104 (1957) ("The Federal Communications Act is a comprehensive scheme for the regulation of interstate communication. In order to safeguard those interests protected under Section 605, that portion of the statute . . . applies both to intrastate and interstate communications.")). In their reply to Joe Hand's response to the Motion to Dismiss, Defendants do not attempt to refute this contention. Furthermore, Defendants offer no cases supporting their argument that an interstate communication must be specifically alleged, and the Court finds no indication that any similar Complaints in this jurisdiction have been dismissed on this basis.

Joe Hand has alleged that the broadcast at issue "originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal." (Doc. # 1 at 4). The Court finds this allegation sufficient to withstand Defendants' Motion to

6

Dismiss despite Joe Hand's failure to specifically allege that the broadcast constituted an interstate or foreign communication. In reaching this conclusion, the Court relies on both the general reasoning of Benanti as well as other cases underscoring the principle that "[Section] 605 is designed to protect a broad array of communications, including television signal transmissions via satellite." DirecTV v. Crespin, 224 F. App'x 741, 752 (10th Cir. 2007); see also Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123, 132 (2d Cir. 1996) ("In amending existing section 605, it is intended to leave undisturbed the case law that has developed confirming the broad reach of section 605 as a deterrent against piracy of protected communications.") (quoting 130 Cong. Rec. S130). Viewing the allegations in the Complaint in the light most favorable to Joe Hand as the non-moving party, this Court finds the allegations sufficient to state a claim under the broad umbrella of Section 605.

### 2. 47 U.S.C. § 553

Defendants next argue that "[t]he language of § 553(a)(1) specifically applies to 'a cable operator' and . . . does not confer standing on a plaintiff who is not a cable operator." (Doc. # 16 at 3). Section 553(a)(1)

7

provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1).

The Court finds Defendants' argument unconvincing. Section 553(c)(1) provides that "[a]ny person aggrieved by any violation of subsection (a)(1) of this section may bring a civil action in a United States district court or in any other court of competent jurisdiction." 47 U.S.C. § 553(c)(1). A plain reading of this statute reveals that "any person aggrieved" by the proscribed conduct may bring a civil action in this Court; the fact that the proscribed conduct may be "specifically authorized" by a cable operator does not influence or limit who may bring a civil action under the statute.

The Court finds persuasive several similar interpretations of the statute by courts in other jurisdictions. See Nat'l Satellite Sports, Inc. v. Time Warner Entmt. Co. LP, 217 F. Supp. 2d 466, 467-68 (S.D.N.Y. 2002) ("[Defendant] principally argues that a 'person aggrieved' under this provision must be a 'cable operator' . . . and that [Plaintiff] . . . therefore lacks standing

8

to sue under § 553. The plain text of § 553 is, however, not so limited, but rather accords standing to sue to any 'person' who is 'aggrieved' . . . by the violation."); PPV Connection, Inc. v. Grau-Alvarez, No. 09-1451, 2009 WL 5064476, at *4 (D.P.R. Dec. 16, 2009) ("[Section 553(c)(1)] does not limit standing to cable operators. Instead, it confers standing on any person who is 'aggrieved' because of the unauthorized interception."); J&J Sports Prods., Inc. v. Rezdndiz, No. 08 C 4121, 2008 WL 5211288, at *2 (N.D. Ill. Dec. 9, 2008) (same). The Court thus finds that Joe Hand could constitute an aggrieved party under Section 553, and may properly bring an action for its violation.

### 3.  **Piercing the Corporate Veil**

Defendants claim that "Plaintiff has failed to put forth sufficient allegations to pierce the corporate veil[;] therefore the claims against Defendants Charles Leduc and John C. Poulos should be dismissed." (Doc. # 16 at 3). In response, Joe Hand argues that, "[f]or an individual to be held vicariously liable for infringing conduct under the Communications Act, the plaintiff need only show that the defendant had the right and ability to supervise the infringing activity and a direct financial benefit from the infringing activities." (Doc. # 17 at 7-

9

8) (citing Joe Hand Promotions, Inc. v. Hart, No. 11-80971-CIV, 2012 WL 1289731, at *3 (S.D. Fla. Apr. 16, 2012); Joe Hand Promotions, Inc. v. Blanchard, No. 409CV100, 2010 WL 1838067, at *3 (S.D. Ga. May 3, 2010)).

The Complaint describes both Charles Leduc and John C. Poulos as "an officer, director, shareholder and/or principal of Caddyshanks, LLC." (Doc. # 1 at 3). Additionally, Joe Hand alleges that, "upon information and belief, Defendants Charles Leduc [and] John C. Poulos were the individuals with supervisory capacity and control over the activities occurring within the establishment on September 25, 2010." Id. Finally, Joe Hand alleges that "Defendants Charles Leduc [and] John C. Poulos received a financial benefit from the operations of Caddyshanks, LLC on September 25, 2010." Id.

In the Motion to Dismiss, Defendants recite the elements required to hold an individual liable for the acts of a corporate entity under Florida law. (Doc. # 16 at 3). Several courts within the Eleventh Circuit, however, have held under similar circumstances that in order to hold an individual vicariously liable for a violation of either 47 U.S.C. § 605 or § 553, the plaintiff need only show (1) that the individual defendant had the right and ability to

supervise the violations, and (2) that he had a strong financial interest in such activities. See Joe Hand Promotions, Inc. v. Sorota, No. 11-80985-CIV, 2012 WL 2414035, at *2 (S.D. Fla. Jun. 26, 2012); J&J Sports Prods., Inc. v. Arboleda, No. 6:09-cv-467-Orl-18DAB, 2009 WL 3490859, at *5 (M.D. Fla. Oct. 27, 2009); Hart, 2012 WL 1289731, at *3; Blanchard, 2010 WL 1838067, at *3. The Court finds that Joe Hand has properly alleged vicarious liability in accordance with this standard and that it need not otherwise allege facts sufficient to pierce the corporate veil.

### C. Alternative Motion for More Definite Statement

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Where a complaint fails to specify the allegations in a manner that provides sufficient notice, the defendant's remedy is a more definite statement under Rule 12(e). Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002). Rule 12(e) provides for a more definite statement if a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

11

In requesting a more definite statement, Defendants in the instant case have neglected to mention any particular shortcomings of the Complaint. Rather, Defendants track the language of Rule 12(e) and assert that the Complaint "is so vague and ambiguous that the Defendants cannot reasonably formulate and structure an Answer, Affirmative Defenses and Counterclaims." (Doc. # 16 at 4).

The Court disagrees. Joe Hand has identified the subject matter and title of the relevant broadcast, the date on which the Defendants allegedly intercepted that broadcast, and the statutes which Defendants are alleged to have violated. The Court finds these factual allegations sufficient to withstand Defendants' Alternative Motion for a More Definite Statement.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motion to Dismiss and Alternative Motion for a More Definite Statement (Doc. # 16) are **DENIED.** Defendants are directed to file an Answer to the Complaint within 20 days of the date of this Order.

(2) Plaintiff's Motion to Strike (Doc. # 17) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of March, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record